JOHN E. LAWSON *vs.* GEORGE J. VIEHMAN.

Submitted on briefs June 21, 1892.   Decided July 14, 1892.

**Verdict Supported by the Evidence.**

> *Held*, that the evidence herein fully supported certain special findings, as well as the general verdict of the jury.

Appeal by defendant George J. Viehman from an order of the District Court of McLeod County, *Cadwell*, J., made January 30, 1892, refusing a new trial.

The plaintiff, John E. Lawson, and the defendant, George J. Viehman, during the months of April and May, 1890, were partners as general merchants at Hutchinson, McLeod County, Minnesota. At the time of the formation of the partnership, about April 1, 1890, Lawson contributed to the firm, wares and merchandise of the agreed value of $1,700, and also gave his note to Viehman for $493. On May 28, 1890, the firm dissolved and Lawson sold to Viehman his share of the merchandise and fixtures of the store. A bill of sale was drawn up and the consideration named at $1,700. This action was brought to recover this amount and the sum of $500 for services. At the time of the delivery of the bill of sale, the defendant delivered to plaintiff notes of third persons, indorsed by defendant, to the amount of $1,400, and his due bill for $54.50. It was claimed by defendant that these notes and the duebill were given to secure a balance of $1,454.50 which defendant claimed was the amount found due plaintiff from him that day in a settlement between them of all the matters connected with the sale. Plaintiff denied that there was any settlement, and claimed that the notes were allowed to him for the purpose of furnishing collateral security to the Citizens' Bank of Hutchinson for a note of the firm which plaintiff was to replace with his own note, but which defendant was to pay. The chief controversy was on this point, the plaintiff claiming the full $1,700, and the defendant admitting only $1,400 to be due. It was admitted that defendant owed plaintiff $500 for services, and that defendant should be allowed a counterclaim amounting to $1,402.68. The case was tried November 14, 1891. The defendant's counsel

made the following request to charge: "Where there is a conflict in the evidence in regard to a settlement, the giving of a duebill is sufficient to establish a settlement," which request was refused, and defendant excepted. The jury found a verdict in favor of the plaintiff for $822.88, and answered in plaintiff's favor the special findings submitted to them. A motion for a new trial was denied, and plaintiff appealed. The discussion in this court was entirely on the evidence, as to whether it sustained the verdict and special findings.

*F. R. Allen,* for appellant.

*J. V. V. Lewis,* for respondent.

COLLINS, J. Three distinct causes of action, each upon a contract for the payment of money, were set forth in the complaint herein. It would be of no service to the profession should we state the issues as made by the pleadings, but at the trial the jury found a general verdict for the plaintiff in the sum of $822.88, and answered nine out of ten questions which had been specially submitted to them. We cannot refrain from saying that in a case of this simple character the submission of these questions for special findings only served to complicate matters, and confuse the jurors. The appeal is from an order denying a motion for a new trial. The defendant claims that the court erred in its charge, that the answers to the 2d, 4th, 5th, and 6th questions were not sustained by the evidence, and that the general verdict is open to the same objection. There is absolutely nothing in any of these assignments of error. Standing alone, the request to charge submitted by defendant's counsel was meaningless, and therefore properly refused; and there was no error in the statement made by the court when referring to this request in its charge to the jury. As to the claim that several of the special findings were unwarranted, it is manifest that the evidence fully sustained the conclusions of the jurors that there was no accounting or settlement between the parties; and, again, that the notes of Powers and Brown were delivered to plaintiff for the sole purpose of enabling him to secure to the bank the payment of his note which defendant was to pay when it matured; and, further, that defendant

agreed to pay the note, which was given for a firm debt, should plaintiff execute and deliver it to the bank. In this connection it may be observed that by his answer the defendant expressly admitted as one of the conditions of the sale to him of plaintiff's interest in the partnership property that he was to pay all claims and demands against the firm. The demand held by the bank, and for which plaintiff, at defendant's request, gave his individual note the day after the dissolution, was one of the firm debts which, according to the answer, defendant was to pay, and had not paid at the time of the trial.

The general verdict was amply supported by the evidence. The plaintiff's contention was that he was to be paid $1,700 in cash for his interest in the concern; no part of which was paid, he said, at the time of the transfer. He admitted defendant's counterclaims to the amount of $1,402.68. The latter acknowledged an indebtedness of $500 on the second cause of action, so that plaintiff's real claim was for $2,200, less the amount of the counterclaims, the balance being $797.32. Defendant insisted upon the trial that on the day of the sale to him an accounting and settlement were had between the parties, at which there was found to be due to the plaintiff $1,454.50; that he then gave his due bill to plaintiff for the sum of $54.50; thus leaving a balance of $1,400. To this he admitted the sum of $500, before mentioned, should be added, making in all $1,900, from which the amount of the counterclaims should be deducted, of course. And without objection from either party the court charged the jury that they must allow the plaintiff the sum of $2,200 or $1,900, depending altogether on how they found in respect to the accounting and settlement. If there was an accounting and settlement, plaintiff's original demand was but $1,900; otherwise it must be $2,200. The jury found the sale to have been made for $1,700, and that there was no accounting or settlement, as claimed by defendant. The natural result was a verdict for plaintiff for the difference between the amount of the counterclaims and $2,200. To this—$797.32—they added the exact interest, $25.56, from May 28th to November 14th. The interest was computed in strict accordance with the instructions of the court, counsel really consenting, but as a matter of fact the plaintiff lost one year's interest. The sale to defendant was on May

28, 1890, not on May 28, 1891, and the verdict was rendered November 14, 1891. Interest should have been computed for one year and nearly seven months. It was actually estimated for a period of less than seven months. The testimony tended to sustain plaintiff's version of the transaction throughout. Order affirmed.

(Opinion published 52 N. W. Rep. 967.)